IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

JOSEPH R. KUS,

    Plaintiff,

  v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

CASE NO. 05-5735FDB

REPORT AND RECOMMENDATION

Noted for September 15, 2006

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Magistrates Rule MJR 4(a)(4), and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). Plaintiff, Joseph R. Kus, brings this action, appealing the denial of his application for Disability Insurance Benefits under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 1381-83f. This matter has been fully briefed. After reviewing the record, the undersigned recommends that the decision of the Commissioner be AFFIRMED.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was born in 1948, and he was 55 years of age at the time of the administrative hearing. He graduated from high school, and he attended college for two years. He has worked as a plumber for his entire career, and for the same employer from 1971 until 1999. He stopped working

REPORT AND RECOMMENDATION - 1

in 1999, when the manufactured housing company he worked for ceased operating. From August 1999 to May 2001, Mr. Kus collected unemployment income benefits.

Mr. Kus alleges he has not been able to work since August 26, 1999 (Tr. 51), due to back pain, "lower spinal disc degeneration of the L3, L4, L5 lumbar vertebrae" (Tr. 68). Plaintiff filed an application for disability benefits on May 15, 2002. Plaintiff's application was denied initially, on reconsideration. On May 12, 2004, the Administrative Law Judge ("ALJ"), found that as of July 17, 2003, Plaintiff's 55th birthday he was disabled. However, for the period prior to July 17, 2003, the ALJ found that Mr. Kus was not disabled. Specifically, the ALJ found that he was able to perform light work and make an adjustment to other work existing in significant numbers in the national economy prior to July 17, 2003. Plaintiff appealed the ALJ's decision to the Appeals Council, which declined review, making the ALJ's decision the agency's final decision for judicial review.

On November 14, 2005, Mr. Kus filed the instant complaint, alleging the ALJ erred in the following manner: (i) the ALJ failed to give appropriate weight to the opinion of his treating chiropractor; (ii) the ALJ failed to properly consider Mr. Kus's testimony regarding his symptoms and limitations; (iii) the ALJ improperly determined Plaintiff's Residual Functional Capacity; (iv) the ALJ failed to meet the burden of showing that Mr. Kus was capable of performing any work in the national economy: and (v) Mr. Kus meets the requirements set forth in Medical-Vocational Rule 201.14.

**DISCUSSION**

The Court may set aside the Commissioner's denial of Social Security disability benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. 42 U.S.C. §405(g); <u>Penny v. Sullivan</u>, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Magallanes v. Bowen</u>, 881 F.2d 747, 750 (9th Cir. 1989). We consider the evidence as a whole, weighing both evidence that

REPORT AND RECOMMENDATION - 2

supports, and evidence that detracts from the Commissioner's conclusion. Smolen v. Chater, 80 F.3d 1273 (9th Cir. 1996). Credibility determinations are the province of the ALJ. Fair v. Bowen, 885 F.2d 597, 603 ( 9th Cir. 1989).

**Sequential Evaluation Process**

The claimant bears the burden of proving that he is disabled within the meaning of the Social Security Act. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months[.]" 42 U.S.C. § 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §416.905.

In evaluating Plaintiff's claim, the ALJ followed the five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security regulations. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999); Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920 (2000). The Plaintiff has the burden of proof at steps one through four; at step five the burden shifts to the Commissioner to show that Plaintiff can perform work that exists in significant numbers in the national economy.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 17, 2003. At step two, the ALJ found that Plaintiff had the following severe impairments: lumbar spine degenerative joint disease and obesity. At step three, the ALJ found that Plaintiff's impairments did not meet or equal the requirements of a listed impairment. The ALJ further determined that Plaintiff retained the residual functional capacity (RFC) to perform a light level of physical exertion with postural restrictions. At step four, the ALJ found that Plaintiff was unable to perform his past relevant work. At step five, the ALJ considered Mr. Kus's RFC, age, education and work experience and concluded that since July 17, 2003, based on Medical-Vocational rule 202.06, Mr. Kus was unable to work any jobs due to his impairments, but the ALJ also found that prior to

REPORT AND RECOMMENDATION - 3

July 17, 2003, Plaintiff was able to perform certain types of light work, specifically work as a small parts assembler, a toy assembler, or a ticket seller. Thus, the ALJ found Plaintiff not disabled prior to July 17, 2003.

*A. THE ALJ PROPERLY EVALUATED THE MEDICAL EVIDENCE*

Whether a medical source's opinion will be given significant weight depends on the length of the examining relationship; treatment relationship including the nature and extent of the treatment relationship; the degree to which the treating source's opinion is supported by medical signs and laboratory findings; and its consistency with the rest of the evidence. *See* 20 C.F.R §§ 404.1527(d), 416.927(d). The ALJ may reject the contradicted opinion of a treating or examining physician by stating specific and legitimate reasons, and reject the uncontradicted treating or examining physician opinion by providing clear and convincing reasons, supported by substantial evidence in the record. Holohan v. Massanari, 246 F.3d 1195, 1202-03 (9th Cir. 2001).

Plaintiff objects to the ALJ's assessment of the medical opinion evidence, specifically arguing the ALJ failed to consider the opinion of Dr. Chad Martin, who has been Plaintiff's chiropractor since April 1992. Plaintiff argues the ALJ's failure to consider and discuss Dr. Martin's opinion should compel the court to credit the opinion evidence as true and remand the matter to the administration for outright award of benefits.

Plaintiff's argument raises the issue of what evidence an ALJ must address in his or her written opinion. The ALJ is not required to discuss or fully analyze all evidence presented. Vincent v. Heckler, 739 F.2d 1393, 1394 (9th Cir. 1984) (*citing* Lewin v. Schweiker, 654 F.2d 631, 634 (9th Cir. 1981)). The ALJ need only explain why "significant probative evidence has been rejected." Id. at 1394.

The court cannot expect an ALJ to comment on or address every piece of evidence presented at the administrative level. Some cases involve dozens of medical opinions, while others only have a handful of medical reports to review. Moreover, a claimant has often been treated by different

REPORT AND RECOMMENDATION - 4

physicians for completely different purposes, and reports are limited to a simple snapshot of ailments during a particular evaluation.  It is thus necessary and appropriate for the ALJ, often with the assistance of consulting physicians and medical experts, to sift through conflicting  medical evidence to make a decision.   The court assumes the ALJ has reviewed all of the evidence on record, even though he or she has not cited or commented on much of the material contained therein.

Here, the ALJ properly reviewed the medical evidence and made a reasonable decision, supported by substantial evidence in the record.  The ALJ noted the opinions of Dr. Quint, Dr. Reisweig, Dr. Ketschmer, and Dr. Hoskins in his decision, and stating the following:

> Consideration has also been given the reports of the state agency medical consultants as well as to other treating, examining and non-examining medical sources.  Greater weight was given to the opinions from treating and examining physicians over the opinions from the medical consultants because the former are based, in part, on actual examination of the claimant.  In contrast, the medial consultants formed their opinion by perusing the available medical evidence without ever seeing the claimant.  However, the medical consultant opinion is helpful in determining the residual functional capacity when it is given appropriate weight, as has been done in this decision.

Tr. 19.  Assessing Plaintiff's level of impairment, the ALJ relied on Dr. Hoskins' and Dr. Quints' physical capacity assessment.  Both of these physicians (Dr. Hoskins is a consulting physician and Dr. Quint was an examining physician) opined that Mr. Kus would be able to perform a light level of physical exertion.

Other than the above quoted statement, the ALJ did not discuss the evidence from Plaintiff's chiropractor, Dr. Martin.  Plaintiff claims this is reversible error, but the court is not persuaded by the argument.   A chiropractor's opinion is not an acceptable medical source and is not entitled to significant weight.  Gomez v. Shater, 74 F.3d 967 (9th Cir. 1996).   Such evidence is considered "other source" evidence and the ALJ is permitted the discretion to weigh this evidence in the context of the entire record.   As explained above, the ALJ found substantial evidence in the medical opinions of Dr. Hoskins and Dr. Quint to support his conclusion that Mr. Kus was physically capable of performing light work.  Arguably, the ALJ explained that he reviewed other medical evidence, which

REPORT AND RECOMMENDATION - 5

would include Dr. Martin's reports, but he did not find it persuasive. Nonetheless, Dr. Martin's opinion, as argued by Plaintiff, is inconsistent with the opinions and assessments made by Dr. Hoskins and Dr. Quint, and the ALJ was entitled to resolve that conflict of medical evidence. Given the fact that the ALJ properly evaluated the acceptable medical evidence of record, the court finds that the chiropractor's opinion did not present significant probative evidence necessitating the ALJ's direct comments or explanation. In sum, the ALJ's assessment of the medical evidence is supported by substantial evidence and free of legal error.

**B.    THE ALJ PROPERLY DISCREDITED PLAINTIFF'S TESTIMONY AND COMPLAINTS OF TOTAL DISABILITY**

Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority on evaluating plaintiff's subjective complaints. Bunnell requires the ALJ findings to be properly supported by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)). An ALJ may reject a claimant's subjective complaints, if the claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) However, as further explained in Fair v. Bowen, *supra*, and Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996), the Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferrable to a work environment where it might be impossible to rest periodically.

The ALJ addressed Plaintiff's credibility in the context of evaluating Mr. Kus' residual functional capacity. In full detail, the ALJ explained that Mr. Kus's allegations of total disability were not credited. The ALJ wrote:

> In reaching this conclusion [that Mr. Kus is capable of performing light work], I

REPORT AND RECOMMENDATION - 6

> considered the claimant's own subjective allegations. He testified that since his alleged disability onset date, his ability to function was essentially, more restrictive than a light level of exertion. He alleged that he could not be on his feet more than two days a week due to his "sharp" and "severe" low back pain and radiculopathy to his left leg. The pain was supposedly so intense that his sleep pattern was interrupted, which then forced him to take naps during the day and to ice his back one a day.
>
> The claimant's testimony, however, was not fully convincing. The degree of limitation alleged by the claimant was not cited in the medical reports. As revealed by the medial record, his problems with toe-to-heel walking was caused by his obesity that prevented him from putting one foot directly in front of the other foot. Nevertheless, he was able to walk in a near straight line without any balance problems. Furthermore, his gait, although slightly wide based due, again to obesity, was without limp or pain (Ex. 3F-3). He only evidenced mild diffuse tenderness in his lumbar paraspinous muscles, according to Dr. Quint, and no spasm was detected (Ex 3F-4). His motor strength was 5/5 in his deltoids, biceps, grip strength and hamstrings; his sensory exam was intact; and his reflexes were 2+ and symmetric (Ex. 3F-4).
>
> As noted in the provisions of Social Security Ruling 96-3p, pain will not be found to affect an individual's ability to do basic work activities unless the individual first establishes by objective medical evidence that he has a medically determinable physical or mental impairments and that the impairment could reasonably be expected to produce the alleged symptoms. In the clamant's situation, his degenerative joint disease certainly can cause pain.
>
> However, as stated in Social Security Ruling 96-4p, an individuals' symptoms, such as pain, will not be found to affect his ability to work absent medical signs and laboratory findings showing a medically determinable impairment that could reasonably be expected to produce the alleged symptoms. For the claimant, the medical findings do not support a conclusion that his degenerative joint disease is responsible for the degree of pain he has claimed. Treatment for his impairment and its pain has been very conservative (Ex. 3F). The claimant has not undertaken any treatment that is identified with significant low back pain.
>
> His credibility is further harmed by his allegations of significant manipulative limitations, such as not overhead reaching and additional restrictions concerning his left upper extremity. The medical record is empty of any objective findings or even any allegations of such manipulative problems. Accordingly, the conclusions reached by Dr. Hoskins are supported by the medical record, while the claimant's allegations are not supported by the record.

Tr. 18-19.

The fact that the medical opinions, as evaluated by the ALJ (discussed above), are inconsistent with the allegations of total disability alleged by Mr. Kus, is sufficient reason to discredit those allegations. Plaintiff's argument is, in part, based on the premise that the ALJ failed to

REPORT AND RECOMMENDATION - 7

accurately consider the medical record, but as discussed above, the ALJ did not err when he relied on Dr. Hoskins and Dr. Quint to concluded that Mr. Kus was capable of performing light work. Accordingly, the ALJ properly discredited Plaintiff's subjective allegations of total disability. The ALJ's credibility determination is supported by clear and convincing reasons, based on substantial evidence, and free of legal error.

*C. THE ALJ'S RESIDUAL FUNCTIONAL CAPACITY AND STEP FIVE FINDINGS WERE PROPER*

If the ALJ cannot determine whether a claimant is disabled based on a claimant's current work activity or on medical facts alone, and a claimant has a severe impairment(s), a review is made of the claimant's residual functional capacity ("RFC") and the physical and mental demands of the work a claimant did in the past. 20 C.F.R. § 404.1520(e). At step-five the burden of proof shifts to the Commissioner to produce evidence of other jobs existing in significant numbers in the national economy that Plaintiff could perform in light of his age, education, work experience, and residual functional capacity. *See* Tackett v. Apfel,180 F.3d 1094,1099 (9th Cir. 1999); Roberts v. Shalala, 66 F.3d 179, 184 (9th Civ. 1995). In Tackett, the court noted "there are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can perform: (a) by the testimony of a vocational expert, or (b) by reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt. 404, subpt. P, app. 2." Id.

As noted above Plaintiff argues the ALJ erred when he determined Plaintiff's RFC (capability of doing light work), when he found plaintiff capable of performing other jobs within the national economy, and when he did not find Plaintiff disabled pursuant to Medical-Vocational Rule 201.14. Again, Plaintiff's argument are based on the premise that the ALJ failed to properly consider the medical evidence and the testimony of Plaintiff. As discussed above, the ALJ properly evaluated the medical source evidence and Plaintiff's credibility. Accordingly, Plaintiff's residual functional capacity assessment is properly supported by the record and this Court should uphold the decision. Similarly, the ALJ was correct in relying rule 202.06, rather than rule 201.14, which applies to

REPORT AND RECOMMENDATION - 8

claimant's of "advanced age" who are capable of doing light work to conclude that Mr. Kus was entitled to benefits beginning July 17, 2003.

Moreover, the hypothetical questions posed to the Vocational Expert properly included the limitations assessed by the ALJ. The expert testified that given those limitations Mr. Kus would be able to perform the work of a small part assembler, a toy assembler, or a ticket seller. Accordingly, the ALJ properly relied on this testimony and met his burden f showing that Plaintiff was capable of performing other work in the national economy.

## CONCLUSION

The Commissioner 's decision is supported by substantial evidence in the record and free of legal error. Accordingly, the decision of the Commissioner is AFFIRMED. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 15, 2006**, as noted in the caption.

DATED this 24th day of August, 2006.

                                         */s/ J. Kelley Arnold*
                                         J. Kelley Arnold
                                         U.S. Magistrate Judge

REPORT AND RECOMMENDATION - 9